STATE of Missouri ex rel. William H. WHITTINGTON, Gale E. Lord, William Paul Hunter, D. C., and Jean McCone, Appellants,

v.

Margaret STRAHM, Respondent.

No. 23771.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

496

John H. Foard, Kansas City, for appellants.

Keith Wilson, Jr., City Counselor, for respondent.

SPERRY, Commissioner.

Plaintiffs, citizens, taxpayers and electors of Kansas City appealed from the judgment of the Circuit Court of Jackson County denying their petition for a writ of mandamus against defendant, City Clerk of Kansas City.

The facts are not in dispute. Kansas City passed ordinance numbered 27271 which approved a contract for the *purchase* of equipment for use in adding fluorides to the city water supply. That is the only purpose of the ordinance. It was not an emergency measure within the meaning of the city charter. Three additives then being made to the water being used, were for medicinal purposes and it is stipulated that the use of fluorides is for the medicinal purpose of hardening the teeth of users and the prevention of caries in the teeth. Two other properties were being added to make the water more palatable and usable. Three more were for softening water and other purposes. There are some fluorides naturally in the water as presently being used, from the Missouri River, from which water is taken. It is not contended in the case before us that fluoride is dangerous or harmful to the health of the citizens of Kansas City.

Within forty days after the passage of said ordinance there was filed with respondent, as city clerk, a referendum petition requesting that said ordinance be repealed or submitted to a vote of the electors. This referendum petition consisted of over 1,000 petition papers, each of which was sufficient as to form, containing more than 18,000 names and addresses, being substantially more than ten per cent of the total vote cast for candidates for the office of mayor at the last preceding regular Kansas City, Missouri, municipal election. This procedure conforms to that authorized and prescribed in the charter.

Respondent neither examined said petition nor determined its sufficiency within ten days after it was filed, nor did she certify to the City Council of Kansas City, Missouri, that said petition was sufficient, nor notify the committee of petitioners that she found the petition insufficient. Instead, she refused to perform these acts, in accordance with instructions from the city council and, on June 6, 1962, the city council passed a resolution instructing respondent to take no further action on said petition.

Plaintiffs, as citizens, taxpayers and electors of Kansas City, and as members of the committee of petitioners named in said referendum petition, seek by writ of mandamus to compel defendant to make such examination and make such certificate, or give such notice, all as provided in Section 431 and 443 of the city charter.

Defendant contends that only ordinances which are legislative in nature are subject to referendum under the charter; that ordinance 27271 is not legislative but is administrative in effect; and that it is not subject to referendum.

The fluoridation facilities to be acquired under said ordinance are permanent facilities and the fluoridation of the water supply under said ordinance will affect water supplied to all subscribers from the Kansas City, municipal water system. It is the first ordinance passed by the city council which made *possible* the purchase of equipment to be used in the addition of fluorides to the water supply.

Section 15 of the Charter provides as follows:

"Emergency measures shall take effect immediately upon their passage. An emergency measure is any ordinance passed by the affirmative vote of six members of the council for the immediate preservation of the public peace, property, health, safety or morals, in which the emergency is set for and defined in a preamble thereto; any ordinance calling any election, or providing for the submission of any proposal to the people; any ordinance making an appropriation for the payment of principal or interest of the public debt, or for current expenses of the city government; any general appropriation ordinance; any ordinance relating to the any public improvement to be paid for by special assessment."

It further provides that all other ordinances shall take effect 10 days after passage unless steps are taken to refer them.

In Section 430 of the charter it is also provided that all except emergency ordinances, are subject to referendum. It is contended that application of these provisions should be made and that it is the clearly expressed intent of the framers of the charter that the ordinance here under review shall be subject to referendum.

In McQuillin on Municipal Corporations (3rd. Edition), Section 16.54 it is said:

"The power of initiative or referendum may be conferred by the sovereignty upon a municipality with respect to any matter, legislative or administrative, within the realm of local affairs; and often the power, as conferred, is extensive, including all ordinances and resolutions and practically all actions that might be taken by a municipal council".

In 37 American Juris., Municipal Corporations Par. 208 it is said that if a municipal corporation has referendum powers it is a matter of statutory construction to determine the subjects as to which, or when, such powers may be exercised. The legislature may provide that no action of a municipal council of any kind shall go into effect without an opportunity for a referendum.

In Spencer v. City of Alhambra, 44 Cal. App.2d 75, 111 P.2d 910, 912 it is stated that all political power is inherent in the people, that by writing into the charter initiative and referendum laws the people withdrew from the legislative body and reserved to themselves the right to exercise a part of their inherent political power and if the subject there considered had not been excluded from the operation of the initiative, then that power could be exercised.

The framers of the charter clearly indicated the ordinances that are not subject to referendum. The ordinance here involved is not included therein.

Defendant relies on Carson v. Oxenhandler, Mo.App., 334 S.W.2d 394, where the court considered the question of whether an ordinance was subject to referendum and held that it was not. The court said the (general) rule is that only acts legislative in character are subject to referendum. The rule there declared was applicable to the facts in that case where the words being construed were: "any ordinance".

The so called general rule mentioned in Carson v. Oxenhandler, supra, appears to have its roots in the necessity for a practical interpretation of charters that use only very broad terms such as "all ordinances" or "any ordinance". In these situations, if a literal construction were applied, the particular municipality would be placed in a chaotic situation, for there would be no way to avoid a referendum no matter what the ordinance involved. However, the charter of the city of Kansas City carefully and specifically enumerates those matters not subject to the referendum and thereby avoids the necessity of a court interpretation contrary to the plain meaning of the language used. These exempted matters

are: (1) any emergency ordinance: (2) any ordinance calling for any election: (3) or for the submission of any proposal to the people; (4) any ordinance making any appropriation for the payment of principal or interest in the public debt; (5) or for current expenses of the city government; (6) any general appropriation ordinance; and (7) any ordinance relating to any public improvement to be paid for by special assessment.

■ What possible chaos could result to the city by giving its people the right to decide through the referendum procedure in view of these numerous and broad exceptions to the referendum power? Apparently the framers of the charter foresaw none or they presumably would have enlarged the exceptions. Nowhere in the language used in the charter do we find the words "legislative" or "administrative". Nor do we believe it sound for the court to write these words in the charter where there is no demonstrated necessity therefor.

Aside from any consideration or effect of the general rule applied in Carson v. Oxenhandler, supra, it is apparent that the St. Louis County Charter itself, as effectuated by ordinance, makes the essential distinction between administrative and legislative ordinances as the subject of referendum. Article VII Section 77 of the Charter generally reserves to the people the power to approve or reject any ordinance of the Council, except emergency measures, but provides in Section 81 of Article VII that the Council *effectuate*, by ordinance, the reserved right of referendum. Pursuant to Section 81, the Council duly enacted Ordinance No. 134 to implement the initiative, referendum and recall provisions of the Charter. Section 3 of that unchallenged ordinance provides, "Ordinances enacted under and pursuant to administrative and ministerial authority vested in the Council * * * shall not be subject to referendum, * * *".

The Charter provisions before us bear no resemblance to the above charter provisions as effectuated by ordinance discussed in Carson v. Oxenhandler, supra.

Section 15 of the charter specifically provides that but for the exception therein contained and emergency measures (so declared and receiving 6 of 9 votes) shall be subject to referendum. Under the new charter the same provisions are carried over except the ordinance must receive 9 of 13 votes.

■ It seems clear the framers inserted such provisions in the charter with the intent that if an ordinance subject matter of any kind (except for the specified exemptions) was so controversial it could only get a bare majority council vote, it should be subject to referendum. The charter plainly and unequivocally so declares. It neither makes nor suggests any distinction between matters legislative or administrative.

■ Therefore, the intent of the charter being clear and the language (Sec. 15) setting it forth plain and unambiguous, there is nothing for the court to do but to declare and apply both the principle and the phraseology.

■ The judgment is reversed and the cause remanded with directions to the court to issue its writ of mandamus as prayed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HUNTER and CROSS, JJ., concur.

BROADDUS, P. J., dissents.

BROADDUS, Presiding Judge (dissenting).

I respectfully dissent from the majority opinion herein on the ground that I deem

said opinion to be in conflict with the decision of the St. Louis Court of Appeals in the case of Carson v. Oxenhandler, Mo. App., 334 S.W.2d 394, and therefore request that this cause be transferred to the Supreme Court.